ALFRED W. HUSTON, Appellant, *vs.* ENOCH H. GOUDY.

Lincoln.    Opinion April 1, 1897.

*Insolvency.    Discharge.    Preference.    Trader.    R. S., c. 70, § 46.*

By the statutes of this State, an insolvent debtor will be denied a discharge from his debts when guilty of a fraudulent preference.

An insolvent debtor who is a trader will not be discharged when he has failed to keep proper books of account.

*Held;* in this case, that the insolvent was a trader within the meaning of the insolvent law. He bought and sold lumber; bought clay and made and sold bricks; and received and sold mowing machines on commission.

See *Wyman* v. *Gay,* ante, p. 36.

ON REPORT AND MOTION.

This was an appeal by an insolvent debtor from a decree of the insolvent court denying his petition for a discharge. The case was tried to a jury in the court below who returned special verdicts on issues submitted to them as follows:

1.    Did Alfred W. Huston, the appellant, on the twenty-sixth day of January, A. D. 1894, having reasonable cause to believe himself insolvent, pay or secure in whole or in part a pre-existing debt due from him to one Gilbert E. Gay by assigning to said Gay the two life insurance policies, and by conveying and delivering to said Gay by bill of sale or otherwise the other personal property named in the first objection to said Huston's discharge, with intent

to defraud his creditors or to give a preference contrary to chapter seventy of the revised statutes of Maine?

Answer:　Yes.

2.　Whether about December, 1893, said Huston having reasonable cause to believe himself insolvent, sold and delivered to said Gilbert E. Gay in part payment of a pre-existing debt, due from him to said Gay, the sleigh named in the first objection, with intent to defraud his creditors or to give a preference contrary to chapter seventy of the revised statutes of Maine?

Answer:　No.

The appellant seasonably moved to set aside the first special finding because it was against the law and evidence and the manifest weight of evidence.

The case, with the motion, was thereupon reported by the presiding justice to the law court to decide whether the petitioner was entitled to a discharge or not, and to order judgment accordingly.

The material portions of the report are as follows:

It is admitted that the petitioner went into voluntary insolvency on the 24th day of March, 1894, and that the proceedings are still pending.　He moved for his discharge at a term of the insolvency court of Lincoln County on the 4th of September, 1894, and his petition was denied by the judge of that court, he taking an appeal to this court on that question.

No question is made about the regularity of the papers leading up to the hearing of that question in this court.　The creditor who opposes his discharge does so upon two grounds; first, that the petitioner, being alleged to have been a trader, kept no proper books of account since March 23, 1878; and, secondly, for fraudulent preferences.

"Under the first objection, the examination of the insolvent debtor, made in the insolvent court on the 2nd day of October, 1894, and also the deposition of Gilbert E. Gay is made a part of the case; one full copy of each is to be made, and the original books of account, all of them, such as the insolvent debtor kept, should be furnished for the examination of the full court; and in addition

VOL. XC.　9

to which, the parties may submit copies of any portions of them as they see fit.

"Upon the objection of fraudulent preferences, two questions weɹe submitted to the jury, which are to be copied as a part of the case, on the first of which an affirmative answer was given; and upon the second of which a negative answer was given, and the answers were affirmed as special verdicts. The petitioner seasonably filed a motion to set aside the first of said special findings as being against law and the evidence; which motion the court may consider as a part of the case. And the said deposition and examination may be used on this issue as well as the other."

*Geo. B. Sawyer*, for appellant.

*W. H. Hilton*, for objecting creditor.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

WALTON, J. Appeal from the court of insolvency.

The question is whether the insolvent debtor is entitled to a discharge. We are forced to the conclusion that he is not. A jury has found that he was guilty of a fraudulent preference, and a careful examination of the evidence fails to satisfy us that the verdict was wrong. This alone is sufficient to defeat his right to a discharge.

But there is another ground equally fatal to his right to a discharge. There is no doubt that he was a trader within the meaning of the law. He bought and sold lumber; he bought clay and made and sold bricks; and he received and sold mowing machines for a commission. And yet he kept no proper books of account.

We can not doubt that the decree in the court below refusing his discharge was correct, and must be affirmed. *Groves* v. *Kilgore*, 72 Maine, 489; *In re Tolman*, 83 Maine, 553; *In re Patten*, 85 Maine, 154,

*Decree in court below affirmed,*